**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**HILLARY JEAN EVANS**                                      **CIVIL ACTION**

**VERSUS**                                                          **NO. 08-703**

**MARLIN GUSMAN, ET AL.**                              **SECTION: "A"(3)**

## PARTIAL REPORT AND RECOMMENDATION

Plaintiff, Hillary Jean Evans, a state pretrial detainee, filed a *pro se* and *in forma pauperis* complaint naming as defendants Orleans Parish Criminal Sheriff Marlin Gusman, Dr. Michael Higgans, Warden A. Baptiste, and B. Pittman.  In the original complaint, in the statement of his claim, plaintiff stated only: "all doucment and data are submitted I will hold my Refrunce to be said with appointed counsel sense the partys involved stated it's my personal problum."[1]  The Court notified plaintiff that, pursuant to Fed.R.Civ.P. 8(a), a complaint must include a short and plain statement of each claim asserted against each defendant.  Accordingly, plaintiff was ordered to file an amended complaint.[2]  Plaintiff complied with that order;[3] however, plaintiff's claims as stated in the amended complaint still lacked the necessary clarity.  Therefore, a <u>Spears</u> hearing was held

---

[1] Rec. Doc. 6, p. 5.

[2] Rec. Doc. 8.

[3] Rec. Doc. 10.

on March 24, 2008, to allow him an opportunity to orally advise the Court of the nature and factual basis of his claims.  See Spears v. McCotter, 766 F.2d 179 (5ᵗʰ Cir. 1985).[4]  At that hearing, he was sworn and his testimony was recorded.  Based on his complaint, as amended, and the Spears hearing testimony, the Court finds that plaintiff is making the following allegations in this civil action.

Plaintiff suffers from mental illness, including schizophrenia, which is controlled only through the use of medication.  When he was arrested in April of 2007, he took his medication to the jail with him.  However, he was not given that medication, even after a magistrate judge in the state criminal proceeding ordered that plaintiff undergo a psychiatric evaluation.  Despite other court orders in the state criminal proceeding, he was denied his medication until September 9, 2007. During that time, he continued to suffer from mental illness to the extent that he was incompetent to stand trial.  Based on the foregoing, plaintiff claims that he was denied adequate medical care and necessary medication by Dr. Michael Higgans, one of the jail's physicians.  At the Spears hearing, plaintiff stated that he is also suing Sheriff Marlin Gusman, Warden A. Baptiste, and B. Pittman with respect to that claim because they hold supervisory positions within the Orleans Parish Prison system.

---

[4] "[T]he Spears procedure affords the plaintiff an opportunity to verbalize his complaints, in a manner of communication more comfortable to many prisoners."  Davis v. Scott, 157 F.3d 1003, 1005-06 (5ᵗʰ Cir. 1998).  The United States Fifth Circuit Court of Appeals has observed that a Spears hearing is in the nature of a Fed.R.Civ.P. 12(e) motion for more definite statement.  Eason v. Holt, 73 F.3d 600, 602 (5ᵗʰ Cir. 1996).  Spears hearing testimony becomes a part of the total filing by the *pro se* applicant.  Id.

In his amended complaint, plaintiff also complained that Warden Baptiste failed to respond or intervene when plaintiff filed an administrative grievance and that Ms. Pittman confiscated his wedding ring.[5]

This Court is statutorily mandated to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).[6]

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> > (i) is frivolous or malicious;
> > (ii) fails to state a claim on which relief may be granted; or

---

[5] The amended complaint also referenced Mark Terral, the legal advisor at the jail. However, Terral was not identified as a defendant, and plaintiff expressly stated at the Spears hearing that it was not his intention to name Terral as a defendant in this civil action.

[6] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."  28 U.S.C. § 1915A(c).

(iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court has broad discretion in determining the frivolous nature of the complaint. <u>Cay v. Estelle</u>, 789 F.2d 318, 325 (5th Cir. 1986), <u>modified</u> <u>on</u> <u>other grounds</u>, <u>Booker v. Koonce</u>, 2 F.3d 114 (5th Cir. 1993). In making that determination, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>Macias v. Raul A. (Unknown), Badge No. 153</u>, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." <u>Reeves v. Collins</u>, 27 F.3d 174, 176 (5th Cir. 1994); <u>Booker</u>, 2 F.3d at 115 & n.6. Broadly reading plaintiff's complaint, as amended,[7] and fully considering his <u>Spears</u> hearing testimony, the Court finds that several of plaintiff's claims should be dismissed as frivolous and for failing to state a claim on which relief may be granted.

As to the claims against Sheriff Gusman, Warden Baptiste, and B. Pittman based solely on their supervisory positions within the prison system, those claims clearly fail. A supervisory official cannot be held liable pursuant 42 U.S.C. § 1983 under any theory of vicarious liability. <u>Thompkins v. Belt</u>, 828 F.2d 298, 303 (5th Cir. 1987); <u>see also</u> <u>Oliver v. Scott</u>, 276 F.3d 736, 742 (5th Cir. 2002) ("Section 1983 does not create supervisory or *respondeat superior* liability."). Further, "there is no concept of supervisor strict liability under section 1983." <u>Harris v. Greer</u>, 750 F.2d 617, 618 (7th Cir.

---

[7] The court must liberally construe a *pro se* civil rights complaint. <u>See</u> <u>Moore v. McDonald</u>, 30 F.3d 616, 620 (5th Cir. 1994).

1984); see also Jenkins v. Wood, 81 F.3d 988, 994 (10th Cir. 1996); Castillo v. Blanco, Civil Action No. 07-215, 2007 WL 2264285, at *5 (E.D. La. Aug. 1, 2007).

To the extent that plaintiff is asserting a separate claim against Baptiste for his alleged failure to respond or intervene when plaintiff filed an administrative grievance, that claim also fails.  An inmate has no constitutional right to an effective grievance process.  In Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005), a prisoner alleged that prison officials failed to properly investigate his grievances complaining about perceived civil rights violations.  The United States Fifth Circuit Court of Appeals held that the claim was frivolous because a prisoner has no federally protected liberty interest in having his grievances investigated and resolved to his satisfaction.  Id. at 373-74; see also Propes v. Mays, 169 Fed. App'x 183, 184-85 (5th Cir. 2006); George v. Travis, Civil Action No. 07-986, 2007 WL 1428744, at *7 (E.D. La. May 10, 2007); Mahogany v. Miller, Civil Action No. 06-1870, 2006 WL 4041973, at *1 (E.D. La. Aug. 3, 2006), appeal dismissed, 252 Fed. App'x 593 (5th Cir. 2007).

To the extent that plaintiff is asserting a claim against Pittman for the taking of the wedding ring, that claim is barred in federal court for the following reasons.  In Parratt v. Taylor, 451 U.S. 527 (1981), the United States Supreme Court held that where a state actor, through his random and unauthorized actions, *negligently* deprives a prisoner of his property, there is no due process violation *if* the state provides an adequate postdeprivation remedy.  In Hudson v. Palmer, 468 U.S. 517 (1984), the Supreme Court extended that holding to *intentional* deprivations of property.  In Daniels v. Williams, 474 U.S. 327, 330-31 (1986), the Supreme Court then overruled Parratt in part, holding that merely negligent deprivations of property simply do not implicate the Due Process

5

Clause at all.  Therefore, "it is of no consequence whether [a prisoner] alleges a deprivation of property by negligence or intent; in neither instance does he state a valid § 1983 action for deprivation of property."  Geiger, 404 F.3d at 374.  If a Louisiana inmate claims asserts a property claim based in negligence, his claim is barred by Daniels.  However, if he claims intentional conduct, the claim is barred by Hudson, in that Louisiana law clearly provides him with an adequate postdeprivation remedy, i.e. a tort suit brought in state court.  Marshall v. Norwood, 741 F.2d 761, 764 (5th Cir. 1984); Bennett v. Louisiana Department of Public Safety and Corrections, 61 Fed. App'x 919 (5th 2003); Arnold v. Inmate Accounts, 48 Fed. App'x 105 (5th Cir. 2002).  Accordingly, plaintiff simply may not pursue a claim for the confiscation of his wedding ring in this federal forum.  See, e.g., Cochran v. Baldwin, 196 Fed. App'x 256, 257 (5th Cir. 2006); Johnson v. Harrell, Civil Action No. 07-410, 2007 WL 701194, at *2-3 (E.D. La. Mar. 2, 2007).  If he wishes to assert a claim concerning his personal property, he may do so only in the state courts.

Plaintiff has, however, stated a cognizable claim against Dr. Michael Higgans for inadequate medical care.[8]  Accordingly, at least at this point, that claim should be allowed to proceed.

## RECOMMENDATION

It is therefore **RECOMMENDED** that plaintiff's claim against Dr. Michael Higgans be allowed to proceed.

---

[8] The constitutional rights of a pretrial detainee may be violated if his serious medical needs are met with deliberate indifference.  Thompson v. Upshur County, Texas, 245 F.3d 447, 457 (5th Cir. 2001) (pretrial detainee).  Untreated schizophrenia can in some instances constitute a serious medical need.  See, e.g., Johnson v. Hennessey, No. C-99-04873, 2000 WL 1006537, at *2 (N.D. Cal. July 11, 2000).

It is **FURTHER RECOMMENDED** that plaintiff's claim against B. Pittman for the confiscation of the wedding ring be **DISMISSED WITHOUT PREJUDICE** to plaintiff's right to assert that claim in state court.

It is **FURTHER RECOMMENDED** that plaintiff's remaining claims against Orleans Parish Criminal Sheriff Marlin Gusman, Warden A. Baptiste, and B. Pittman be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this third day of April, 2008.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

7