## UNITED STATES  DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**HILLARY JEAN EVANS**                                    **CIVIL ACTION**

**VERSUS**                                               **NO. 08-703**

**MARLIN GUSMAN, ET AL.**                                **SECTION:  "A"(3)**

## REPORT AND RECOMMENDATION

Plaintiff, Hillary Jean Evans, filed a *pro se* and *in forma pauperis* complaint naming as defendants Orleans Parish Criminal Sheriff Marlin Gusman, Dr. Michael Higgans, Warden A. Baptiste, and B. Pittman.  In a Partial Report and Recommendation issued on April 3, 2008, the undersigned recommended dismissal of all of plaintiff's claims except for the claim against Dr. Michael Higgans for inadequate medical care.[1]  The undersigned now recommends that the remaining claim against Dr. Higgans be dismissed for failure to prosecute.

The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear.  Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).   The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the

---

[1] Rec. Doc. 12.

Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits.  Fed.R.Civ.P. 41(b).  Further, Local Rule 41.3.1E provides:

> The failure of an attorney or pro se litigant to keep the court apprised of an address change may be considered cause for dismissal for failure to prosecute when a notice is returned to the court for the reason of an incorrect address and no correction is made to the address for a period of 30 days.

The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

In the complaint, plaintiff declared: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[2]  Despite that acknowledgment, plaintiff has failed keep the Court apprised of his current address.  As a result, more than thirty days ago, mail sent to plaintiff at the Orleans Parish Prison, his address of record, was returned as undeliverable because he had been released from that facility.[3]  Plaintiff's current whereabouts are unknown.

Because plaintiff is proceeding *pro se*, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b).  As noted, plaintiff has failed to provide this Court with his current address despite his written acknowledgment of the fact that a failure to do so could result in dismissal of this lawsuit.  Due solely to plaintiff's actions, this Court has no way to contact him or to advance his case on the docket.

---

[2] Rec. Doc. 6, p. 6.

[3] Rec. Doc. 13.

## <u>RECOMMENDATION</u>

It is therefore **RECOMMENDED** that plaintiff's remaining claim against Dr. Michael Higgans be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within ten (10) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. <u>Douglass v. United Services Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this nineteenth day of May, 2008.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**